SHORT RECORD
NO. 23-1375
FILED 02/27/2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                  Case No. 09-cr-152-wmc

JAMES ANDERSON,

      Defendant.

---

### NOTICE OF APPEAL

      James Anderson hereby gives notice that he appeals the order filed on February 13, 2023, in the United States District Court for the Western District of Wisconsin, the Honorable William M. Conley presiding. *See* Fed. R. App. P. 3, 4(b) (1)(A). Mr. Anderson takes this appeal to the United States Court of Appeals for the Seventh Circuit.

      With this notice of appeal, Mr. Anderson also files a docketing statement and disclosure statement. *See* 7th Cir. R. 3(c)(1), 26.1. Mr. Anderson proceeds *in forma pauperis* on appeal, as counsel in the United States District Court was appointed under the Criminal Justice Act of 1964, and Mr. Anderson's financial circumstances have not meaningfully changed. *See* Fed. R. App. P. 24(a)(3).

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Madison, Wisconsin, February 27th, 2023.

Respectfully submitted,

James Anderson, *Defendant*

*/s/ Jonathan Greenberg*
Jonathan Greenberg
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
jonathan_greenberg@fd.org

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                               Case No. 09-cr-152-wmc

JAMES ANDERSON,

       Defendant.

---

## DEFENDANT'S DOCKETING STATEMENT
## AND DISCLOSURE STATEMENT

James Anderson, by counsel, files this docketing statement with his notice of appeal, pursuant to Seventh Circuit Rule 3(c)(1). Mr. Anderson also includes here his Seventh Circuit Rule 26.1 disclosure statement.

1.      The United States District Court had jurisdiction over this federal criminal case under 18 U.S.C. §§ 3231, 3583.

2.      The defendant-appellant is a natural person, and no party is a corporation.

3.      This is a direct appeal from an order for judicial review. The United States Court of Appeals for the Seventh Circuit enjoys jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4.      The order that Mr. Anderson appeals was signed and filed on February 13, 2023.

5.      The notice of appeal is filed with this docketing statement on February 27, 2023.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

6.     There was no prior litigation in the district court arising out of the same transaction or designated by the district court as satisfying the criteria of 28 U.S.C. § 1915(g).

7.     Pursuant to Seventh Circuit Rule 26.1, counsel notes that Attorneys Jonathan Greenberg and Joseph A. Bugni and the law firm of Federal Defender Services of Wisconsin, Inc., appeared for the defendant-appellant in this matter in the United States District Court, and only Federal Defender Services of Wisconsin, Inc., is expected to appear for defendant-appellant in the United States Court of Appeals for the Seventh Circuit.

Dated at Madison, Wisconsin, this 27th day of February, 2023.

Respectfully submitted,

James Anderson, *Defendant*

 */s/ Jonathan Greenberg*
Jonathan Greenberg
FEDERAL DEFENDER SERVICES
  OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
jonathan_greenberg@fd.org

2

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

                                      ORDER

                                    09-cr-152-bbc-1

        v.

JAMES ANDERSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        A hearing on the probation office's petition for judicial review of James Anderson's supervised release was held on March 4, 2021, before U.S. District Judge Barbara B. Crabb. The following parties appeared by Zoom video conferencing: Assistant U.S. Attorney Meredith Duchemin, defendant, defense counsel Greg Dutch, and U.S. Probation Officer Catherine Cwirla.

        From the record, I make the following findings of fact.

## FACTS

        Defendant was sentenced in the Western District of Wisconsin on April 15, 2010, following his conviction for possession of child pornography, in violation of 18 U.S.C § 2252(a)(4)(B). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a 96-month term of imprisonment with a 20-year term of supervised release to follow. He began his term of supervised release on October 14, 2016.

It is alleged that defendant violated the Mandatory Condition that he not commit another federal offense when he possessed obscene visual representations of the sexual abuse of children, in violation of 18 U.S.C. § 1466A(b).

Defendant admitted that he owned the seized devices, that he possessed them for several months, that he knew of the specific content on the devices and that he viewed child pornography on the devices.   A forensic analysis of defendant's unauthorized devices revealed more than 1,000 images, including animated images of minors engaged in sexually explicit conduct.   These animated images depicted prepubescent boys and girls, toddlers, and infants engaged in anal, oral and vaginal sexual acts with adults and other minors, as well as images of the children displaying their genitals in a lascivious fashion. The devices also contained more than 6,000 sexuality explicit text documents, many of which included stories about minors engaged in sexually explicit acts with adults and other minors.   The government has not proved by a preponderance of the evidence that the images possessed by defendant qualify as a violation of 18 U.S.C. § 1466A(b). Therefore, defendant's possession of these images does not constitute a federal offense.

Although I do not find a Grade B violation, the content of these devices is a matter of concern, demonstrating defendant's sexually deviant attitudes and sexual preference for minors, as well as his deceit and disregard for sex offender treatment.   In addition to the animated images depicting child exploitation, the devices defendant possessed contained numerous video and image files of bestiality and adult pornography.

Defendant also had access to the Internet on various devices that were neither authorized nor monitored. He searched various web browsers for child erotica and child

exploitation, using sexually explicit search terms such as toddlers, child erotica, young boy, and teen. He accessed various Internet applications, including TikTok and Kik, and he subscribed to user-submitted Internet forums related to pornography.

Defendant violated Standard Condition No. 3, which required him to truthfully answer all inquiries by the probation officer and follow the instructions of the probation officer. On multiple occasions, the probation office directed defendant not to access the computer at his parents' residence. On October 15, 2020, defendant admitted that he had used his parents' computer. He agreed not to do so again, but on October 28, 2020, defendant's father reported that defendant had accessed his computer that morning. Further, defendant was directed to return an Amazon Fire Stick he had purchased without obtaining prior approval. He provided the probation office a receipt as proof of return; however, on January 6, 2021, the probation office observed an Amazon Fire Stick in defendant's residence. Although defendant initially feigned ignorance about the presence of this device, he later admitted it belonged to him. On January 6, 2021, defendant also failed to provide the password for the unauthorized laptop the probation office seized from his residence.

Defendant violated Standard Conditions Nos. 7 and 8, requiring him to provide the probation office advance notification of any IT devices and forbid him to possess any visual or audio recording devices. On October 30, 2019, defendant was found in possession of a second cell phone he did not have approval to possess. On January 6, 2021, defendant was found in possession of multiple IT devices, including a laptop, Amazon tablet device, Amazon Fire Stick, and multiple external hard drives. The

3

unauthorized laptop and tablet device had built-in cameras and Wi-Fi capabilities. Defendant did not have prior approval to use these devices.  He stated that one of the hard drives contained child pornography and admitted that he had viewed the child pornography several months earlier. Defendant failed to provide the correct password for the devices. Initially, he stated he was fixing the devices for a coworker but later admitted he had lied, and the devices belonged to him.

Defendant violated Special Condition No. 14 requiring him to undergo psychosexual evaluations. On November 8, 2018, defendant used countermeasures during a polygraph examination, leaving the examiner unable to render an opinion on the exam. Defendant manipulated his breathing despite being told to desist, mis-answered a control question, and admitted to taking medications before the exam.


CONCLUSIONS

Defendant's violations warrant revocation.  His criminal history score falls within Criminal History Category I.  When that score is coupled with a Grade C violation, the advisory guideline imprisonment range is 3 to 9 months. According to 18 U.S.C. § 3583(e)(3), the statutory maximum term to which defendant may be sentenced upon revocation is two years because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) and (k) authorizes another term of supervised release to follow imprisonment if supervision is revoked.

The nature of the devices, the number of them, the content on the devices, and the extent of defendant's efforts to seek and view animated images of child exploitation

4

and child erotica warrant an upward variance from the advisory guidelines under 18 U.S.C. § 3553(a).

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, as well as the sentencing factors at 18 U.S.C. § 3553(a), I am persuaded that a variance above the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. Defendant has demonstrated significant deceit and manipulation throughout his term of supervised release. He lied about his sexual thoughts and was dishonest with both the probation office and his treatment provider.  In addition, he possessed numerous unapproved IT devices; and has been viewing a significant number of animated images depicting children engaged in sexually explicit conduct.  It is clear that defendant is not invested in treatment. He uses deceit and manipulation to engage in conduct that further reinforces his deviant sexual thoughts and behaviors for his own sexual gratification. Defendant presents a significant danger to the community. The intent of this sentence is to hold defendant accountable for his repeated violations, to reflect the seriousness of the offense to protect the community, and to promote specific and general deterrence.

ORDER

IT IS ORDERED that defendant's term of supervised release originally imposed on April 15, 2010, is REVOKED, and defendant is committed to the custody of the Bureau of Prisons for term of 18 months' imprisonment.  This sentence is appropriate despite the grade of the violation.

I recommend that defendant serve the last 90 days of his confinement in a residential reentry center, with work release privileges. A 20-year term of supervised release will follow to address the risks and needs that are still present in this case. Defendant's poor adjustment to supervision indicates that he will require future assistance making he transition back into the community following the term of imprisonment that is intended to address the risks and needs he presents in this case. The standard and special conditions set out below, together with the mandatory conditions of supervised release, are reasonably related to the offense of conviction and to defendant's personal history and characteristics.

**Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- 

  Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Defendant shall not knowingly leave the judicial district in which defendant is being** | To provide community protection, rehabilitation for defendant, and to |

| | | |
|---|---|---|
| | **supervised without the permission of the Court or probation officer.** | enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG § 5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 |

| | | U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
|---|---|---|
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals.   Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer** | Community contacts ensure compliance |

| | | |
|---|---|---|
| | to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame. | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |
| 12) | Defendant shall not possess a firearm, | To comply with statutory provisions. To |

| | |
|---|---|
| ammunition, destructive device, or dangerous weapon. | provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

**Special Conditions**

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 13) | **Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction, his prior criminal record that includes possession of child pornography, his noncompliance while on supervised release, the need to protect the public from further criminal activity perpetrated by defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 14) | **As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the** | Based on the nature of the offense of conviction, his prior criminal record that includes possession of child pornography, violations during prior periods of supervision, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |

| | | |
|---|---|---|
| | right to remain silent. Defendant shall follow all treatment requirements and restrictions.  If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.  Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider. | |
| 15) | Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant.  This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. | Based on defendant's instant offense, his admission to viewing child pornography, his possession of unapproved IT devices on supervised release, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 16) | Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the | Based on defendant's instant offense, his lack of compliance on supervised release, and his admission to viewing child pornography on supervised release. |

|  | express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer.  This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services. |  |
|---|---|---|
| 17) | **Not possess any material containing sexually explicit of conduct of minors as defined in 18 U.S.C. § 2256(8).** | Based on the offense of conviction, the need to protect the public from further criminal activity perpetrated by the defendant, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 18) | **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Based on the need to monitor his ability to support himself through legitimate means, the requirement to report place of employment under SORNA, monitor the purchase of computer equipment or online services, and to assess his ability to contribute to the cost of treatment services. |
| 19) | **Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor.** | Based on the nature of the offense of conviction that includes possession of child pornography and his admissions to continued sexual thoughts about minors and viewing child pornography on supervised release. |
| 20) | **Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.** | Based on the nature of the offense which involves possession of child pornography and his non-compliance while on supervised release. |
| 21) | **Comply with the requirements of the Sex Offender Registration and Notification Act** | Based on the offense of conviction and the need to monitor defendant's |

|    | | |
|----|---|---|
| | **(42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.** | compliance with local, state, and federal laws. |
| 22) | **Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer.** | Based on defendant's use and possession of devices used to seek and obtain child sexual abuse images, and the need to monitor all devices to which defendant uses or has access. |
| 23) | **Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.** | Recommended based on defendant's history of mental health problems and psychotropic medication, as well as to address any risk factors. |
| 24) | **Not possess any visual or audio recording devices.** | Recommended based on defendant's instant offense and his unauthorized possession of visual or audio recording devices on supervised release. |

Defendant is to be capacity to pay the cost registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning of his incarceration.

13

In light of the COVID-19 pandemic, I will allow defendant to self-surrender on April 6, 2021, to begin service of his sentence. Accordingly, execution of the sentence of imprisonment is stayed until April 6, 2021, between the hours of noon and 2:00 p.m., when defendant is to report either directly to an institution designated by further court order or to the Dane County, Wisconsin, jail if he has yet to be designated to a Bureau of Prisons facility by the time of his self-surrender, or if he is unable to acquire transportation to the Bureau of Prisons facility. The present conditions are continued until defendant begins his term of imprisonment.

Defendant has the right to appeal from his sentence.

Entered this 4th day of March 2021.


BY THE COURT:

/s/_____
BARBARA B. CRABB
District Judge

14

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                              Plaintiff,                    ORDER

              v.                                    09-cr-152-wmc-1

JAMES ANDERSON,

                              Defendant.

A hearing on the probation office's petition for judicial review of James Anderson's supervised release was held on February 13, 2023, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel Joseph Bugni and Jonathan Greenburg. Also present was U.S. Probation Officer Alyssa Brody.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on April 14, 2010, following his conviction for Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B), a Class C felony, then committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 96 months, with a 20-year term of supervised release to follow.

On October 14, 2016, defendant began his first term of supervised release. On March 4, 2021, that term was revoked for violating conditions of his supervised release that included not notifying his probation officer that he owned and possessed numerous information technology (IT) devices, accessing the internet on various devices that were neither authorized nor monitored, failing to provide truthful answers to inquiries, and not following instructions from his probation

officer.   The defendant also used countermeasures during a polygraph examination, leaving the examiner unable to render an opinion on the exam.   Further, forensic review of the defendant's unauthorized devices revealed animated images of minors engaged in sexually explicit conduct, along with text documents of stories about minors engaged in sexually explicit acts with adults and other minors.   For this gross violation of supervision, the defendant was revoked and sentenced to an additional 18 months imprisonment, to be followed by another 20-year term of supervised release.   On July 15, 2022, defendant began his second term of supervised release.

Regrettably, he appears to have resumed his noncompliant behavior almost immediately and again demonstrated a complete disregard for his conditions of supervised release by engaging in conduct that mirrors the violations for which he was revoked during his first term of supervised release.   Further, it is again alleged that defendant violated the Mandatory Condition against committing another federal offense by possessing obscene visual representations of the sexual abuse of children in violation of 18 U.S.C. § 1466A(b), which prohibits possession of drawings, cartoons, sculpture, paintings or other materials that depict minors engaged in sexually explicit conduct or a minor engaged in sexual intercourse that lacks serious literary, political, or scientific value.

Specifically, during an unscheduled home visit with the defendant in August 2022, the probation office conducted a plain-view seizure of a hard drive that defendant admitted to recently "finding" in his apartment.   The defendant further admitted to viewing the contents of the device, including what he described as "child anime."   After a further search of the defendant's residence, another hard drive was seized.   A forensic analysis of these two unauthorized, external hard drives revealed illustrated depictions of child exploitation.   More specifically, on one hard drive, three series of illustrated images depicting child exploitation were found:   the first depicts two

2

prepubescent females engaging in sexual acts with an adult male; the second depicts two

prepubescent females engaging in bondage and sexual activity with an adult male; and the last

depicts a minor male being abducted, abused, cooked, and eaten by an adult male, who describes

his sexual arousal by abusing the minor.   On the second hard drive, multiple illustrated depictions

of child exploitation were also revealed, including: an image of a prepubescent female being

penetrated by an adult penis; an image of prepubescent female being vaginally penetrated by an

adult male while she performs oral sex on a horse; and another image of a prepubescent female

explicitly identified as nine years old whose legs are spread sitting in front of a partially naked

adult female.   There were also over 100,000 pornographic stories located on the devices with

graphic descriptions of child sexual abuse.   Certainly, images depicting the sexual exploitation of

children could be found in violation of 18 U.S.C. § 1466A(b), but like Judge Crabb, I am

disinclined to go down that road given the vagaries of defining obscenity and works of art, however

offensive, unless the government wishes to pursue a new indictment.

In addition to the illustrated images depicting child exploitation, the devices contained

numerous videos, images, and audio files involving adult pornography, and pornographic stories

containing adult sexual intercourse, bestiality, cannibalism, incest, and necrophilia.   Additionally,

during a search of the defendant's residence printed copies of pornographic stories were seized

from his bedside table drawer.   These stories generally describe bestiality and minors engaging in

sexually explicit conduct, with many involving incestual relations between minor siblings.

Defendant also violated Standard Condition No. 2, which requires him to answer truthfully

all inquiries by the probation officer.   Specifically, on September 15, 2022, defendant denied

having unauthorized devices or sexually explicit materials of minors in his residence.   He also

denied having any sexual thoughts of minors on the same date that one of the hard drives (the

3

content of which has already been described) was located in his closet.   Further, at a later date, when confronted with this content, defendant admitted using it to masturbate in an attempt to fall asleep, although he claimed to have been unsuccessful.   Similarly, on his supplemental monthly report forms for July and August 2022, defendant indicated he seldom had any sexual thoughts or interest, and specifically denied having unauthorized access to the internet, only to later admit to utilizing a computer at his work and at a car dealership to access the internet.

Next, defendant violated Special Condition No. 14, which requires him to participate in sex offender counseling. The defendant did not inform his treatment provider of his possession of unauthorized IT devices that contained illustrated child exploitation images, nor did he share having attempted to masturbate to sexually explicit materials about minors.   Given this lack of transparency, the defendant obviously was not fully engaged in treatment or avoiding a return to conduct ensured to result in his imprisonment.

Finally, defendant violated Special Condition No. 15, which requires him to provide the probation office advance notification of any IT devices, having failed to notify the probation office of his possession of two, external hard drives, utilizing his neighbor's laptop to access and view the contents of a hard drive, and having a Roku streaming device connected to his television and his neighbor's Wi-Fi network.

CONCLUSIONS

Defendant's violations again warrant revocation.   With a Grade C violation and a criminal history category still I, defendant only has an advisory guideline range of imprisonment of 3 to 9 months, with the statutory maximum being 24 months under 18 U.S.C. § 3583(e)(3), because the offense of conviction is also a Class C felony, although § 3583(h) and (k) authorizes imposition of

up to a life term of supervised release.

The content discovered on the hard drives and printed copies of pornographic stories is deeply concerning, underscoring the defendant's sexually deviant attitudes and sexual preference for minors, as well as his deceit and disinterest in meaningful for sex offender treatment.   Indeed, the forensic review shows he began to engage in this behavior while on home confinement, even before his supervised release term commenced, then continued to maintain possession of devices that he was aware contained illustrated images of child sexual exploitation during his supervised release term, and had no intent to be forthcoming with the probation office or his treatment provider until the devices were found and he was confronted.   Even more egregious, the defendant was revoked during his first term of supervised release for essentially the same violations.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I am persuaded that a sentence above the advisory sentencing guideline range is reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and to promote specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 4, 2021, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 18 months.   Defendant shall self-report to the Dane County Jail, 115 West Doty Street, Madison, WI 53703, between the hours of 10:00 a.m. and 2:00 p.m. this Friday, February 17, 2023, to begin serving this sentence.

A 30-year period of supervised release shall follow. Defendant's poor adjustment to supervision so far reflects that he will require future assistance transitioning back into the community following his term of imprisonment, and that a lengthy term of supervised release with ongoing treatment is warranted to address the risks and needs present in this case.   In addition to the mandatory conditions of supervised release, I find the standard and special conditions set forth and justified in the probation office's petition for view are reasonably related to the offense of conviction, as well as the personal history and characteristics of defendant.

### Mandatory Conditions - 18 U.S.C. §§ 3563(a) and 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d) unless waived by the Court.

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if this requirement has not been met.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFCATION |
|---|---|---|
| 1) | **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG § 5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions.   The monthly report** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. |

6

| | and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |
|---|---|---|
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism.  This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals.  Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research.  This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) |

| | | and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B) and (C). |
|---|---|---|
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.   18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring |

| | | |
|---|---|---|
| | the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame. | requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG §   5D1.3(c)(1). |
| 12) | Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon. | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer. 18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

The following special conditions are also imposed as further justified:

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 13) | Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | Based on the nature of the offense of conviction, his prior criminal record that includes possession of child pornography, his noncompliance while on supervised release, the need to protect the public from further criminal activity perpetrated by defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 14) | As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and | Based on the nature of the offense of conviction, his prior criminal record that includes possession of child pornography, violations during prior periods of supervision, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |

| | | |
|---|---|---|
| | restrictions. **If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider.** | |
| 15) | **Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.** | Based on defendant's instant offense, his admission to viewing child pornography, his possession of unapproved IT devices on supervised release, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 16) | **Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.** | Based on defendant's instant offense, his lack of compliance on supervised release, and his admission to viewing child pornography on supervised release. |
| 17) | **Not possess any material containing sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8) and 18 U.S.C. § 1466A(b). Specifically,** | Based on the offense of conviction, his violations involving possessing and viewing illustrated child exploitation |

| | | |
|---|---|---|
| | **defendant shall not possess or view any literary or visual depiction of any kind, including any photograph, film, video, picture, drawing, cartoon, sculpture, painting or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually stimulating or obscene material of minors.** | images while on his first two terms of supervise release, the need to protect the public from further criminal activity perpetrated by the defendant, the information provided by defendant's sex offender treatment provider, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending. |
| 18) | **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Based on the need to monitor his ability to support himself through legitimate means, the requirement to report place of employment under SORNA, monitor the purchase of computer equipment or online services, and to assess his ability to contribute to the cost of treatment services. |
| 19) | **Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor.** | Based on the nature of the offense of conviction that includes possession of child pornography and his admissions to continued sexual thoughts about minors and viewing child pornography on supervised release. |
| 20) | **Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.** | Based on the nature of the offense which involves possession of child pornography and his non-compliance while on supervised release. |
| 21) | **Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.** | Based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws. |
| 22) | **Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer.** | Based on defendant's use and possession of devices used to seek and obtain child sexual abuse images, and the need to monitor all devices to which defendant uses or has access. |

| 23) | Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Recommended based on defendant's history of mental health problems and psychotropic medication, as well as to address any risk factors. |
|---|---|---|
| 24) | Not possess any visual or audio recording devices. | Recommended based on defendant's instant offense and his unauthorized possession of visual or audio recording devices on supervised release. |

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 13th day of February, 2023.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

12

APPEAL, CLOSED, SINGLE_DEFT,

# U.S. District Court
## Western District of Wisconsin (Madison)
## CRIMINAL DOCKET FOR CASE #: 3:09-cr-00152-wmc-1

Case title: United States of America v. Anderson, James

Plea Filings

Date Filed: 10/29/2009

Sentencing Filings

Date Terminated: 04/19/2010

---

Assigned to: District Judge William M. Conley
Referred to: Magistrate Judge Stephen L. Crocker

**Defendant (1)**

| | |
|---|---|
| **James Anderson**<br>*TERMINATED: 04/19/2010* | represented by   **Jonathan Greenberg**<br>Federal Defender Services of Wisconsin, Inc.<br>22 East Mifflin Street, Suite 1000<br>Madison, WI 53703<br>608-260-9900<br>Email: jonathan_greenberg@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or*<br>*Community Defender Appointment*<br><br>**Joseph Aragorn Bugni**<br>Federal Defender Services<br>22 East Mifflin Street, Suite 1000<br>Madison, WI 53703<br>608-260-9900<br>Fax: 608-260-9901<br>Email: Joseph_Bugni@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or*<br>*Community Defender Appointment*<br><br>**Christopher T. Van Wagner**<br>Van Wagner & Wood, S.C.<br>One North Pinckney Street<br>Suite 300<br>Madison, WI 53703<br>608-284-1200<br>Fax: 608-284-1260 |

Email: chris@chrisvanwagner.com
*TERMINATED: 01/18/2023*
*Designation: Retained*

**Gregory Neal Dutch**
Law Office of Gregory N. Dutch
131 West Wilson Street, Suite 1201
Madison, WI 53703
608-661-5100
Fax: 608-251-7699
Email: gnd@mydlaw.com
*TERMINATED: 01/18/2023*
*Designation: CJA Appointment*

**Kelly A. Welsh**
Law Office of Kelly A. Welsh, LLC
3902 Milwaukee Street, #8730
Madison, WI 53708
608-630-8008
Email: lawofficekellywelsh@gmail.com
*TERMINATED: 11/03/2009*
*Designation: Public Defender or
Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18 USC 2252(a)(4)(B) ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO (1) | CBOP: 96 months; SR: 20 years; CA: $100 |
| 18 USC 2253 CRIMINAL FORFEITURE IN VIOLATION OF EXPLOITATION OF MINORS (2) | Forfeiture entered |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

United States of America                    represented by    **Meredith P. Duchemin**
                                                               United States Attorney's Office
                                                               222 West Washington Avenue
                                                               Suite 700
                                                               Madison, WI 53703
                                                               608-264-5158
                                                               Fax: 608-264-5054
                                                               Email: Meredith.Duchemin@USDOJ.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Elizabeth Altman**
                                                               United States Attorney's Office
                                                               660 West Washington Avenue, #303
                                                               Madison, WI 53703
                                                               608-264-5158
                                                               Fax: 608-264-5054
                                                               Email: elizabeth.altman@usdoj.gov
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/29/2009 | 1 | INDICTMENT as to James Anderson (1) count(s) 1, 2. (llj) (Entered: 10/29/2009) |
| 10/29/2009 | 2 | JS-45 CRIMINAL COVER SHEET as to James Anderson. (llj) (Entered: 10/29/2009) |
| 10/29/2009 | 3 | Warrant Issued as to Defendant James Anderson. Delivered to USMS for service. (llj) (Entered: 10/29/2009) |
| 10/30/2009 |   | Arrest of James Anderson. Case unsealed. Initial Appearance set for 10/30/2009 at 01:00 PM. (rep) (Entered: 10/30/2009) |
| 10/30/2009 | 4 | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker: Arraignment held on 10/30/2009: Not Guilty plea entered for James Anderson (1) as to Counts 1 and 2. James Anderson remains detained. Detention Hearing set for 11/4/2009 at 3:30 PM. Pretrial motions due by 1/25/2010. Pretrial Motion Hearing set for 1/28/2010 at 11:00 AM. Final Pretrial Submissions due 2/24/2010. Final Pretrial Conference set for 2/26/2010 at 2:30 PM. Final Hearing set for 3/4/2010 at 3:00 PM. Jury Selection and Trial set for 3/8/2010 at 9:00 AM. [:08] (Court Reporter CS) (arw) (Entered: 10/30/2009) |
| 10/30/2009 | 5 | Temporary Detention Order as to James Anderson (1). Detention Hearing set for 11/4/2009 at 3:30 PM. Signed by Magistrate Judge Stephen L. Crocker on 10/30/2009. (arw) (Entered: 10/30/2009) |
| 11/02/2009 | 6 | Warrant Returned Executed as to James Anderson. (vob) (Entered: 11/02/2009) |
| 11/02/2009 | 7 | SCHEDULING ORDER as to James Anderson. Signed by Magistrate Judge Stephen L. Crocker on 11/2/09. (vob) (Entered: 11/02/2009) |

| | | |
|---|---|---|
| 11/03/2009 | 8 | NOTICE *of Retainer* by James Anderson (Van Wagner, Christopher) (Entered: 11/03/2009) |
| 11/03/2009 | 9 | Letter *to Magistrate re scheduling* by James Anderson. (Van Wagner, Christopher) (Entered: 11/03/2009) |
| 11/03/2009 | | Attorney update in case as to James Anderson. Attorney Christopher T. Van Wagner for James Anderson added. Attorney Kelly A. Welsh terminated. (vob) (Entered: 11/03/2009) |
| 11/03/2009 | 10 | ** TEXT ONLY ORDER **<br>Defendant's request to postpone the detention hearing is granted. Signed by Magistrate Judge Stephen L. Crocker on 11/3/09. (vob) (Entered: 11/03/2009) |
| 11/03/2009 | | Hearing set as to defendant James Anderson. Detention Hearing rescheduled from 11/4/09 to 11/10/2009 at 01:30 PM. (vob) (Entered: 11/03/2009) |
| 11/09/2009 | 11 | Letter *enclosing discovery* by Meredith P Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 11/09/2009) |
| 11/09/2009 | 12 | Letter *regarding supplemental discovery* by Meredith P Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 11/09/2009) |
| 11/10/2009 | 13 | Minute Entry for proceedings held before Magistrate Judge Stephen L. Crocker:Detention Hearing as to James Anderson held on 11/10/2009. Defendant detained. [1:20] (Court Reporter FTR.) (vob) (Entered: 11/10/2009) |
| 11/12/2009 | 14 | Government and Defendant Exhibits from 11/10/2009 Hearing. (Attachments:<br># 1 Govt. Exhibit 1,<br># 2 Govt. Exhibit 2,<br># 3 Deft. Exhibit 3,<br># 4 Deft. Exhibit 4,<br># 5 Deft. Exhibit 5) (Sealed) (vob) Modified text on 11/24/2009 (llj/c). (Entered: 11/12/2009) |
| 11/13/2009 | 15 | Letter by Meredith P Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 11/13/2009) |
| 12/03/2009 | 16 | Letter *regarding discovery* by Meredith P Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 12/03/2009) |
| 12/14/2009 | 17 | Letter *with supplemental discovery* by Meredith P Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 12/14/2009) |
| 12/21/2009 | | Plea hearing set as to defendant James Anderson. Plea Hearing set for 1/7/2010 at 12:40 PM. (rep) (Entered: 12/21/2009) |
| 01/07/2010 | 18 | PLEA AGREEMENT as to James Anderson. (llj) (Entered: 01/07/2010) |
| 01/07/2010 | 19 | Minute Entry for proceedings held before Chief Judge Barbara B. Crabb:Plea Hearing held on 1/7/2010. Defendant James Anderson (1) entered plea of guilty to Count 1. [:20] Presentence Report due 2/11/2010. Objections to PSR due 2/25/2010. Sentencing set for 3/18/2010 at 01:00 PM. Defendant detained. (Court Reporter CS.) (llj) (Entered: 01/07/2010) |

| 02/01/2010 | 20 | Preliminary Motion for Forfeiture of Property by United States of America as to James Anderson. (Attachments: # 1 Certificate of Service) (Altman, Elizabeth) Modified text on 2/8/2010 (llj). (Entered: 02/01/2010) |
|---|---|---|
| 02/02/2010 | 21 | ORDER granting 20 Motion for Forfeiture of Property as to James Anderson (1). Signed by Chief Judge Barbara B. Crabb on 2/2/2010. (vob) (Entered: 02/02/2010) |
| 02/10/2010 | 22 | PRESENTENCE INVESTIGATION REPORT as to James Anderson (Sealed) (jae) (Entered: 02/10/2010) |
| 02/26/2010 | 23 | Letter Stating No Objections to 22 Presentence Investigation Report by James Anderson. (Sealed) (Van Wagner, Christopher) (Entered: 02/26/2010) |
| 03/09/2010 | 26 | CORRECTED ADDENDUM TO 22 PRESENTENCE INVESTIGATION REPORT as to James Anderson (Sealed) (jae) (Entered: 03/09/2010) |
| 03/09/2010 | 27 | Motion for postpone sentence and other relief by James Anderson. Motions referred to Magistrate Judge Stephen L. Crocker. (Van Wagner, Christopher) (Entered: 03/09/2010) |
| 03/09/2010 | 28 | Affidavit of Christopher T. Van Wagner by James Anderson *in Support of Motion* re: 27 Motion for postpone sentence and other relief. (Van Wagner, Christopher) (Entered: 03/09/2010) |
| 03/09/2010 | 29 | Certificate of Service by James Anderson re: 27 Motion for postpone sentence and other relief. (Van Wagner, Christopher) Modified text on 3/9/2010 (vob). (Entered: 03/09/2010) |
| 03/10/2010 | 30 | ORDER granting 27 Motion to postpone sentence and other relief as to James Anderson (1). Sentencing Hearing rescheduled from 3/18/2010 to 4/14/2010 at 1:00 PM. Signed by Chief Judge Barbara B. Crabb on 3/9/2010. (vob) (Entered: 03/10/2010) |
| 03/10/2010 | | Sentencing set as to defendant James Anderson. Sentencing set for 4/14/2010 at 01:00 PM. (vob) (Entered: 03/10/2010) |
| 03/10/2010 | 31 | Certificate of Publication by United States of America as to James Anderson (Attachments: # 1 Exhibit 1Advertisement Certification report, # 2 Certificate of Service) (Altman, Elizabeth) (Entered: 03/10/2010) |
| 04/09/2010 | 32 | Letter re: Psychological Evaluation per Sentencing as to James Anderson. (Attachments: # 1 psychological evaluation, # 2 Coffey CV) (Sealed) (Van Wagner, Christopher) Modified on 4/12/2010; changed event wording (mmo). (Entered: 04/09/2010) |
| 04/13/2010 | 33 | Motion for Forfeiture of Property *(Final Order)* by United States of America as to James Anderson. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service) (Altman, Elizabeth) (Entered: 04/13/2010) |
| 04/13/2010 | 34 | Letter(s) in Support of Sentencing by James Anderson. (Van Wagner, Christopher) (Sealed) Modified on 4/13/2010; changed event wording and sealed. (mmo). (Entered: 04/13/2010) |

ECF Western District of Wisconsin                                      https://wiwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?164421448591779-L_1_0-1

Case: 3:09-cr-00152-wmc   Document #: 71-3  Filed: 02/27/23  Page 6 of 8
Case: 23-1375    Document: 1-1    Filed: 02/27/2023    Pages: 38

| 04/13/2010 | 35 | Sentencing Memorandum *with proof of service attached* by James Anderson (Van Wagner, Christopher) (Entered: 04/13/2010) |
| 04/13/2010 | 36 | ADDENDUM TO 22 PRESENCE INVESTIGATION REPORT as to James Anderson (Sealed) (jae) (Entered: 04/13/2010) |
| 04/15/2010 | 37 | ORDER granting 33 Motion for Forfeiture of Property as to James Anderson (1). Signed by District Judge Barbara B. Crabb on 4/13/2010. (vob) (Entered: 04/15/2010) |
| 04/15/2010 | 38 | Minute Entry for proceedings held before District Judge Barbara B. Crabb:Sentencing held on 4/15/2010 for James Anderson (1), Count(s) 1, CBOP: 96 months; SR: 20 years; CA: $100; Count(s) 2, Forfeiture granted. [:30] (Court Reporter CS.) (llj) (Entered: 04/15/2010) |
| 04/19/2010 | 39 | Statement of Reasons as to James Anderson. (Sealed) (vob) (Entered: 04/19/2010) |
| 04/19/2010 | 40 | JUDGMENT AND COMMITMENT as to James Anderson (1), Count(s) 1, CBOP: 96 months; SR: 20 years; CA: $100; Count(s) 2, Forfeiture entered (Sealed Document) re: James Anderson. Signed by District Judge Barbara B. Crabb on 4/19/2010. (vob) (Entered: 04/19/2010) |
| 04/19/2010 | 41 | JUDGMENT AND COMMITMENT - Redacted re: James Anderson. Signed by District Judge Barbara B. Crabb on 4/19/2010. (vob) (Entered: 04/19/2010) |
| 10/13/2016 | 42 | Probation Form 12B with Order Modifying Conditions of Supervision as to James Anderson. Signed by District Judge Barbara B. Crabb on 10/13/2016. (Attachments: # 1 Waiver of Hearing) (voc) (Entered: 10/13/2016) |
| 01/13/2021 | 43 | Probation Form 12C with Order Issuing Summons as to James Anderson. Signed by District Judge Barbara B. Crabb on 1/13/2021. (voc) (Entered: 01/13/2021) |
| 01/19/2021 | 44 | Summons Issued in case as to James Anderson. Delivered to USP for service. Judicial Review set for 2/17/2021 at 11:00 AM. (voc) (Entered: 01/19/2021) |
| 01/22/2021 | 45 | Summons Returned Executed on 1/22/2021 as to James Anderson. (voc) (Entered: 01/22/2021) |
| 02/09/2021 | | Attorney Appointed: Gregory Neal Dutch for James Anderson. (voc) (Entered: 02/09/2021) |
| 02/09/2021 | 47 | ** TEXT ONLY ORDER ** The court will hold a Judicial Review for James Anderson on 2/17/2021 at 11:00 AM by Zoom video conference. The court will send invitations by email to counsel. A waiver of personal appearance for the defendant is due by 2/12/2021. If the defendant is unable to appear by video, the defendant may appear by telephone. All participants are reminded that video or audio recordings of the proceedings are strictly prohibited. Full guidelines governing access to court hearings can be found here. A guide to participating in Zoom video hearings can be found here. Public access to the video stream is available on YouTube. Signed by District Judge Barbara B. Crabb on 2/9/2021. (voc) (Entered: 02/09/2021) |
| 02/09/2021 | 48 | CJA 20: Attorney Gregory Dutch appointed for defendant James Anderson. Signed by Magistrate Judge Stephen L. Crocker on 2/9/21. (jat) (Entered: 02/09/2021) |

ECF Western District of Wisconsin                                    https://wiwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?164421448591779-L_1_0-1

Case: 3:09-cr-00152-wmc   Document #: 71-3   Filed: 02/27/23   Page 7 of 8
Case: 23-1375      Document: 1-1      Filed: 02/27/2023      Pages: 38

| 02/10/2021 | | Judicial Review rescheduled from 2/17/2021 to 3/4/2021 at 11:00 am as to defendant James Anderson. (voc) (Entered: 02/10/2021) |
| 02/24/2021 | 49 | Probation Form 12C with Order that the supplemental information will be considered at the 3/4/2021 judicial review hearing as to James Anderson. Signed by District Judge Barbara B. Crabb on 2/24/2021. (voc) (Entered: 02/24/2021) |
| 03/02/2021 | 50 | Probation Form 12C with Order that the supplemental information will be considered at the at the 3/4/2021 judicial review hearing as to James Anderson. Signed by District Judge Barbara B. Crabb on 3/2/2021. (voc) (Entered: 03/02/2021) |
| 03/04/2021 | 51 | Minute Entry for proceedings held before District Judge Barbara B. Crabb: Judicial Review as to James Anderson (1) held on 3/4/2021. S/R revoked: 18 months CBOP, 20 years supervised release. Voluntary Surrender date set for 4/6/2021 between noon and 2:00 PM. [:22] (Court Reporter CS) (arw) (Entered: 03/04/2021) |
| 03/04/2021 | 52 | ORDER on Judicial Review as to James Anderson. S/R Revoked. CBOP: 18 months. 240 months supervised release. V/S Date 4/6/2021 between Noon and 2:00 pm. Signed by District Judge Barbara B. Crabb on 3/4/2021. (voc) (Entered: 03/04/2021) |
| 03/17/2021 | 53 | Voluntary Surrender Order: Defendant to surrender to FCI- Loretto on 4/6/2021 between noon and 2:00 pm. Certified copy of order sent to defendant by certified mail. Signed by District Judge Barbara B. Crabb on 3/17/2021. (voc) (Entered: 03/17/2021) |
| 03/25/2021 | 54 | Certified Mail Receipt of 53 Voluntary Surrender Order sent to James Anderson. (voc) (Entered: 03/25/2021) |
| 05/04/2021 | 55 | CJA 20 Certified for Payment re: James Anderson. (Gregory Dutch, $ 2,387.00). (Applicable Party Only) Signed by District Judge Barbara B. Crabb on 3/24/21. (jat) (Entered: 05/04/2021) |
| 06/15/2021 | 56 | Commitment Order Returned Executed as to James Anderson on 5/27/2021. (jls) (Entered: 06/17/2021) |
| 10/03/2022 | | Case reassigned to District Judge William M. Conley. Case no longer assigned to District Judge Barbara B. Crabb. (arw) (Entered: 10/03/2022) |
| 10/11/2022 | 57 | Probation Form 12C with **Order** Issuing Summons and delay scheduling a judicial review hearing until a supplemental report is filed by probation office regarding information from forensic analysis reports as to James Anderson. Signed by District Judge William M. Conley on 10/7/2022. (voc) (Entered: 10/11/2022) |
| 01/12/2023 | 58 | Probation Form 12C with **Order** that the supplemental information will be considered at the judicial review hearing as to James Anderson. Signed by District Judge William M. Conley on 1/12/2023. (voc) (Entered: 01/12/2023) |
| 01/19/2023 | 59 | Summons Issued in case as to James Anderson. Delivered to USP for service. Judicial Review set for 2/9/2023 at 01:00 PM. (voc) (Entered: 01/19/2023) |
| 01/19/2023 | 60 | Notice of Attorney Appearance: Jonathan Greenberg appearing for James Anderson. (Greenberg, Jonathan) (Entered: 01/19/2023) |
| 01/25/2023 | 61 | Summons Returned Executed on 1/24/2023 as to James Anderson. (voc) (Entered: 01/25/2023) |

ECF Western District of Wisconsin                              https://wiwd-ecf.sso.dcn/cgi-bin/DktRpt.pl?164421448591779-L_1_0-1

Case: 3:09-cr-00152-wmc   Document #: 71-3   Filed: 02/27/23   Page 8 of 8
Case: 23-1375     Document: 1-1      Filed: 02/27/2023      Pages: 38

| 02/07/2023 | 62 | Notice of Attorney Appearance: Joseph Aragorn Bugni appearing for James Anderson. (Bugni, Joseph) (Entered: 02/07/2023) |
|---|---|---|
| 02/07/2023 | 63 | Letter *Regarding Judicial Review Hearing* by James Anderson. (Bugni, Joseph) (Entered: 02/07/2023) |
| 02/09/2023 | 64 | Letter *Government Position On Contested Issues For Judicial Review* by Meredith P. Duchemin on behalf of United States of America as to James Anderson. (Duchemin, Meredith) (Entered: 02/09/2023) |
| 02/09/2023 | 65 | Motion to Reschedule Judicial Review by James Anderson. Motions referred to Magistrate Judge Stephen L. Crocker. (Bugni, Joseph) (Entered: 02/09/2023) |
| 02/09/2023 | 66 | **\*\* TEXT ONLY ORDER \*\***<br>**ORDER** granting 65 Motion to Reschedule as to James Anderson (1). Judicial Review set for 2/13/2023 at 02:00 PM. Signed by District Judge William M. Conley on 2/9/2023. (voc) (Entered: 02/09/2023) |
| 02/13/2023 | 67 | Minute Entry for proceedings held before District Judge William M. Conley:Judicial Review as to James Anderson held on 2/13/2023. CBOP: 18 months. 30 years supervised release. [0:31] Defendant to self-report to Dane County Jail on 2/17/2023 between 10:00 am and 12:00 pm. (Court Reporter FTR.) (voc) (Entered: 02/13/2023) |
| 02/13/2023 | 68 | **ORDER** on Judicial Review as to James Anderson. S/R Revoked. CBOP: 18 months. 360 months supervised release. Defendant to self-report to Dane County Jail on 2/17/2023 between 10:00 am and 12:00 pm. Signed by District Judge William M. Conley on 2/13/2023. (voc) (Entered: 02/13/2023) |
| 02/27/2023 | 69 | NOTICE OF APPEAL by James Anderson. In forma pauperis previously granted. Docketing Statement filed. (Attachments:<br># 1 Docketing Statement) (Greenberg, Jonathan) Modified on 2/27/2023. (lak) (Entered: 02/27/2023) |
| 02/27/2023 | 70 | Appeal Information Packet. (lak) (Entered: 02/27/2023) |